# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN SOCIETY OF ANESTHESIOLOGISTS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> *Defendants*. | Case No.: 1:21-cv-06823 <br><br> Honorable Marvin E. Aspen |

## PLAINTIFFS' NOTICE OF MOTION AND CONSENT MOTION FOR BRIEFING SCHEDULE AND ENLARGEMENT OF PAGE LIMITS

Pursuant to Local Rules 7.1 and 78.3 of this Court, Plaintiffs, the American Society of Anesthesiologists, the American College of Emergency Physicians, and the American College of Radiology, respectfully request that the Court set a briefing schedule for cross motions for summary judgment and enlarge the page limits for the Parties' briefs. The undersigned counsel for Plaintiffs has consulted with counsel to Defendants, which consent to this relief. In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs challenge specific provisions of an interim final rule jointly published by Defendants, the United States Department of Health and Human Services, the Department of Labor, the Department of the Treasury, and the Office of Personnel Management ("Defendants" or Departments"), implementing provisions of the No Surprises Act, Pub. L. No. 116-260, 134 Stat. 1182 (2020). Requirements Related to Surprise Billing; Part II, 86 Fed. Reg. 55,980 (Oct. 7, 2021) [hereinafter "IFR"]. The IFR establishes a statutorily mandated independent arbitrator—referred to as an independent dispute resolution ("IDR") entity—to determine the

amount of reimbursement for certain health care items and services. IFR, 86 Fed. Reg. at 56,116, 56,128. IDR entities will begin hearing cases in March 2022.

2. Plaintiffs are contemporaneously filing with this Motion a motion for summary judgment and accompanying memorandum of law.

3. Rule 7.1 of the Local Rules of the United States District Court for the Northern District of Illinois provides that a brief in support of a motion may not exceed fifteen (15) pages without prior approval of this Court.

4. The Parties agree that fifteen pages are not sufficient to brief the important matters in this case. An enlargement of the fifteen page limitation is necessary to furnish a thorough explanation of the statutory and regulatory framework of the case, which occurs in the context of the Public Health Service Act, the Employee Retirement Income Security Act, the Internal Revenue Code, and the Federal Employees Health Benefits Act. An enlargement will assist the Parties to present comprehensive arguments and will enhance the ability of this Court to make a fair, just, and prompt disposition of this case.

5. Therefore, Plaintiffs move this Court to establish the following briefing schedule and modified page limits:

- Plaintiffs' motion for summary judgment ("MSJ"): **February 9, 2022**. The supporting memorandum shall not exceed 45 pages;
- Defendants' MSJ and opposition to Plaintiffs' MSJ: **March 9, 2022**. The supporting memorandum shall not exceed 45 pages;
- Plaintiffs' reply brief and opposition to Defendants' MSJ: **April 6, 2022**, not to exceed 45 pages;
- Defendants' reply brief: **April 25, 2022**, not to exceed 25 pages.

6. The Parties further agree that Defendants' obligation to answer the complaint should be deferred until after the Court rules on the above summary judgment motions.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' consent motion for a briefing schedule and enlargement of the page limits.

Respectfully submitted,

/s/ Ronald S. Connelly
Ronald S. Connelly (D.C. Bar No. 488298)*
POWERS PYLES SUTTER &
VERVILLE, PC
1501 M Street, N.W.
Seventh Floor
Washington, DC 20005
tel. (202) 872-6762
fax (202) 785-1756
Ron.Connelly@PowersLaw.com

Attorney for Plaintiffs
* *admitted pro hac vice*

Dated: February 9, 2022