IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN SOCIETY OF ANESTHESIOLOGISTS, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) No. 1:21-cv-06823 |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | )<br>) Honorable Marvin L. Aspen<br>) |
| Defendants. | )<br>)<br>) |

**DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS**

The Defendants respectfully move for a stay of proceedings in light of recent developments in other federal litigation. The undersigned counsel for the Defendants has consulted with counsel for the Plaintiffs, which do not oppose this relief. The Defendants request that this action be stayed for sixty (60) days from the grant of this motion, at which time the Defendants would file a status report with the Court. In support of this motion, the Defendants state as follows:

1. The Plaintiffs' suit challenges portions of an interim final rule that implements aspects of the No Surprises Act. *See Requirements Related to Surprise Billing; Part II*, 86 Fed. Reg. 55,980 (Oct. 7, 2021).

2. There are similar challenges to the interim final rule pending in several other federal district courts, including the Eastern District of Texas.

3. On February 23, 2022, the U.S. District Court for the Eastern District of Texas issued a judgment that vacated portions of the same interim final rule that the Plaintiffs challenge in this Court. *Tex. Med. Ass'n v. U.S. Dep't of Health and Human Servs.*, No. 6:21-CV-425-JDK, 2022 WL 542879, at *15 (E.D. Tex. Feb. 23, 2022).

4. The Defendants have already taken comments from the public on the interim final rule, and have begun preparing a final rule that will take those comments into account. The

1

Defendants anticipate that a final rule will be issued no later than May 2022. That final rule will replace the interim final rule challenged in this action.

5. On February 9, 2022, the Plaintiffs filed a motion to set a briefing schedule on cross-motions for summary judgment with the Defendants' consent. ECF No. 11. This Court granted that motion. ECF No. 14. Under the current briefing schedule, the Defendants' opposition to the Plaintiffs' motion for summary judgment and their cross-motion for summary judgment would be due to be filed on or before March 9, 2022. However, in light of the vacatur of the interim final rule by another federal district court and the forthcoming issuance of a final rule, it would best serve the interests of efficiency and economy to stay briefing in this case during the Defendants' rulemaking proceedings.

6. The proposed stay will afford the Defendants the opportunity to prepare the rule and will also afford the Plaintiffs the opportunity to consider how they wish to proceed after the publication of the final rule.

7. This Court has the inherent power to grant this request for a stay of proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). In evaluating whether to grant a motion to stay, this Court considers "whether a stay will unduly prejudice or tactically disadvantage the non-moving party," "whether a stay will simplify the issues in question and streamline the trial," and "whether a stay will reduce the burden of litigation on the parties and on the court." *Lynn Scott, LLC v. Grubhub, Inc.*, No. 1:20 CV 06334, 2021 WL 1088304, at *2 (N.D. Ill. Mar. 22, 2021).

8. Each of these considerations favors a stay. First, given the order of vacatur issued by the Eastern District of Texas, the Plaintiffs would not be prejudiced or disadvantaged by a stay of proceedings concerning the same rule that is addressed in that order. Second, a stay of proceedings will simplify the issues in question (there would not be a trial in this Administrative Procedure Act case) by permitting the parties to focus on the matters that might remain in dispute between them, if

any, following the issuance of a final rule. Third, a stay would reduce the burden of litigation on the parties and on the Court by ensuring that litigation resources need not be expended on disputes over an interim final rule that has been vacated by another court and that will be replaced by a new rulemaking. Ultimately, these factors weigh in favor of granting the request for a stay.

9. The Defendants also respectfully request that the Court instruct them to submit a status report, within sixty (60) days of the date of an order granting a stay, to inform the Court of any relevant developments during that period.

Accordingly, the Defendants respectfully request that the Court stay proceedings in this case for a period of sixty (60) days, and that it direct the Defendants to submit a status report at the conclusion of that period.

Dated: March 3, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOHN R. LAUSH, JR.
United States Attorney

KATE F. LAMBERT
Assistant United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

/s/ Joel McElvain
JOEL McELVAIN
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-8298
Fax: (202) 616-8470
E-mail: Joel.L.McElvain@usdoj.gov

*Counsel for Defendants*