IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN SOCIETY OF ANESTHESIOLOGISTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 1:21-cv-06823 <br><br> Honorable Marvin L. Aspen |

## JOINT STATUS REPORT

The parties respectfully submit this Joint Status Report in accordance with this Court's Minute Order of May 3, 2022, ECF No. 22. In that Order, this Court continued the stay of proceedings in this action and directed the parties to submit a joint status report by July 7, 2022, to inform the Court of the status of this case. The Defendants respectfully ask this Court to continue the stay of proceedings in this action for an additional sixty days. The Plaintiffs do not oppose a continued stay of an additional sixty days. The parties also jointly request that the Court vacate the scheduling conference that the Court has scheduled for August 4, 2022. The parties state as follows:

1. The Plaintiffs' suit challenges portions of an interim final rule that implements aspects of the No Surprises Act. *See Requirements Related to Surprise Billing; Part II*, 86 Fed. Reg. 55,980 (Oct. 7, 2021).

2. There are similar challenges to the interim final rule pending in several other federal district courts, including the Eastern District of Texas.

3. On February 23, 2022, the U.S. District Court for the Eastern District of Texas issued a judgment that vacated portions of the same interim final rule that the Plaintiffs challenge in this Court. *Tex. Med. Ass'n v. U.S. Dep't of Health and Human Servs.*, No. 6:21-CV-425-JDK, 2022 WL 542879, at *15 (E.D. Tex. Feb. 23, 2022).

1

4.  The Defendants have already taken comments from the public on the interim final rule, and state that they have begun preparing a final rule that will take those comments into account. The Defendants anticipate that a final rule will be issued in the coming weeks. The Defendants anticipate that the final rule will supersede the portions of the interim final rule that are challenged in this action.

5.  The Defendants have filed a notice of appeal to the Fifth Circuit of the judgment in the *Texas Medical Association* action, and have filed a motion in the Fifth Circuit to hold the proceedings in that appeal in abeyance during the pendency of the rulemaking proceedings described above. The Fifth Circuit has granted that motion.

6.  The Defendants previously filed an unopposed motion for a stay of proceedings in this action, ECF No. 19, which this Court granted in its Minute Order of March 8, 2022, ECF No. 20. In addition, the parties have filed a joint status report in which the Defendants requested, without opposition from the Plaintiffs, that the Court continue the stay of proceedings. ECF No. 21. The Court granted that request in its Minute Order of May 3, 2022. ECF No. 22. The Defendants explained in their motion and in the joint status report that, in light of the vacatur of the interim final rule by another federal district court and the forthcoming issuance of a final rule, it would best serve the interests of efficiency and economy to stay briefing in this case during the Defendants' rulemaking proceedings.

7.  The parties agree that a continuation of the stay of proceedings will afford the Defendants the opportunity to prepare the rule and will also afford the Plaintiffs the opportunity to consider how they wish to proceed after the publication of the final rule.

8.  This Court has the inherent power to grant this request to continue the stay of proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). In evaluating whether to grant a motion to stay, this Court considers "whether a stay will unduly prejudice or tactically disadvantage the non-moving party," "whether a stay will simplify the

2

issues in question and streamline the trial," and "whether a stay will reduce the burden of litigation on the parties and on the court." *Lynn Scott, LLC v. Grubhub, Inc.*, No. 1:20 CV 06334, 2021 WL 1088304, at *2 (N.D. Ill. Mar. 22, 2021).

9. The Defendants contend that each of these considerations favors the continuation of the stay. First, given the order of vacatur issued by the Eastern District of Texas, the Plaintiffs would not be prejudiced or disadvantaged by a stay of proceedings concerning the same rule that is addressed in that order. Second, the stay of proceedings will simplify the issues in question (there would not be a trial in this Administrative Procedure Act case) by permitting the parties to focus on the matters that might remain in dispute between them, if any, following the issuance of a final rule. Third, a stay would reduce the burden of litigation on the parties and on the Court by ensuring that litigation resources need not be expended on disputes over an interim final rule that has been vacated by another court and that will be replaced by a new rulemaking. Ultimately, these factors weigh in favor of granting the request to continue the stay.

10. The parties respectfully request that the Court instruct them to submit an additional status report, within sixty (60) days, to inform the Court of any relevant developments during that period.

11. This Court has scheduled a status conference in this matter for August 4, 2022. *See* ECF No. 22. The parties respectfully request that the Court vacate its order scheduling this conference. Given the timing of the rulemaking proceedings, it is unlikely that a status conference held at this time would be of assistance to the Court or to the parties. The Plaintiffs intend to review the final rule upon its issuance to determine how they wish to proceed in this action, but it is unlikely that any new proceedings would have advanced to a point where a status conference would be helpful by August 4. In addition, the undersigned counsel for the Defendants will be out of the office on August 4 on previously-scheduled leave.

Accordingly, the Defendants respectfully request, and the Plaintiffs do not oppose, that the Court continue the stay of proceedings in this case for a period of sixty (60) days, and that it direct the parties to submit an additional status report at the conclusion of that period. The parties also jointly

request that the status conference scheduled for August 4 be vacated.

Dated: July 6, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOHN R. LAUSH, JR.
United States Attorney

KATE F. LAMBERT
Assistant United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

/s/ Joel McElvain
JOEL McELVAIN
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-8298
Fax: (202) 616-8470
Joel.L.McElvain@usdoj.gov

*Counsel for Defendants*


/s/ Ronald S. Connelly
Ronald S. Connelly (D.C. Bar No. 488298)
Leela Baggett (D.C. Bar No. 1030000)
POWERS PYLES SUTTER & VERVILLE, PC
1501 M Street, N.W.
Seventh Floor
Washington, DC 20005
Phone: (202) 872-6762
Fax: (202) 785-1756
Ron.Connelly@PowersLaw.com
Leela.Bagett@PowersLaw.com

/s/ Jeremy Lewin
Jeremy Lewin (Ill. Bar No. 6269242)
POWERS PYLES SUTTER & VERVILLE, PC
1061 American Lane
Schaumburg, IL 60173
Phone: (202) 349-4284
Fax: (202) 785-1756
Jeremy.Lewin@PowersLaw.com

*Counsel for Plaintiffs*